IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALAN COHEN,<br><br>    Plaintiff,<br><br>    v.<br><br>NOURI EDWARD HAKIM,<br><br>    Defendant, and<br><br>ADMAR INTERNATIONAL, INC.,<br><br>    Nominal Defendant. | Civil Action No. 25-320-RGA |

MEMORANDUM OPINION

John Gregory Day, Christine N. Chappelear, David C. Skoranski, PRICKETT, JONES & ELLIOTT, PA, Wilmington, DE,

    Attorney for Plaintiff.

Christopher Page Simon, David Gerard Holmes, CROSS & SIMON, LLC, Wilmington, DE,

    Attorneys for Defendant.

March 5, 2026

*[signature: Richard G. Andrews]*

**ANDREWS, U.S. DISTRICT JUDGE:**

This dispute involves the ownership and control of Admar International, Inc. ("Admar"). (D.I. 4 at 2). Admar originated from Luv n' care, a family business. (*Id.* at 3). Plaintiff Alan Cohen asserts that on May 26, 1994, Luv n' care's three owners, Defendant Nouri Edward Hakim, and non-parties Jack Ralph Hakim and Joseph Herman Hakim, transferred ownership to their twelve children, which did not include Plaintiff Cohen. (*Id.*). Cohen, who is the nephew of the Nouri Edward Hakim, alleges that Admar was created, with Cohen as the sole shareholder, during the 1994 reorganization to protect the interest of Luv n' care's intellectual property. (*Id.* at 4). Admar was incorporated in Delaware in 1994 and has retained a registered agent in Delaware since. (D.I. 9-1 at ¶ 3).

Prior to the pending litigation, Abraham Jack Hakim, Eddie Jack Hakim, and David Jack Hakim filed an action in Louisiana state court related to Luv n' care.[1] (D.I. 4 at 5). In the Louisiana action, Defendant Hakim filed an affidavit stating he is the sole shareholder of Admar and the personal owner of Admar's intellectual property. (D.I. 17 at 4). Cohen argues that this was the first time he learned that anyone besides himself asserted an ownership interest in Admar. (*Id.*). In response, Cohen filed the present case in the Delaware Court of Chancery on February 13, 2025, seeking a declaration that he is the sole owner of Admar or, in the alternative, "validating" his stock pursuant to Section 205 of Title 8 of the Delaware Code. (D.I. 4).

On March 12, 2025, Hakim filed a "mirror-image" complaint against Cohen in the U.S. District Court for the Western District of Louisiana.[2] (D.I. 17 at 4). The next day, Hakim removed

---

[1] *Luv n' care, Ltd. et al. v. Nouri Edward Hakim et al.*, No. 2021-0470 (Fourth Judicial District Court for the Parish of Ouachita, Louisiana).
[2] *Hakim v. Cohen*, No. 3:25-cv-00303 (W.D. La. Mar. 12, 2025). The Western District of Louisiana case is administratively stayed until a decision in this case regarding transfer. (*Hakim*

the Delaware case from the Court of Chancery to this Court. (D.I. 2). On March 20, 2025, Hakim filed a motion to dismiss or transfer venue (D.I. 8) and a motion to remand to state court (D.I. 12). I heard oral argument on both motions and I denied the motion to remand. (D.I. 23).

In his motion to dismiss or transfer venue, Hakim argues that the case should be dismissed based on lack of personal jurisdiction or improper venue. (D.I. 9 at 1–2). Hakim argues that Admar is a Nominal Defendant, and therefore, does not impact personal jurisdiction. (D.I. 9 at 10). Hakim argues that personal jurisdiction is improper because he lives in Louisiana and has never had any contact with the state of Delaware that would establish a basis for personal jurisdiction. (*Id.* at 7–9). Hakim argues that venue is improper in the District of Delaware because he does not live in the District, the ownership dispute did not arise in the District, and District does not have personal jurisdiction over him. (*Id.* at 10–13). In the alternative, Hakim argues that venue should be transferred to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a) because the case could have originally been brought there and the public and private factors favor transfer. (*Id.* at 13–18).

Cohen responds by arguing that personal jurisdiction over Hakim is proper because Delaware's long-arm statute conferred specific jurisdiction when Hakim incorporated Admar in Delaware in 1994. (D.I. 17 at 6). Cohen argues Hakim consented to personal jurisdiction by holding himself out as an officer, director, and owner of Admar. (*Id.* at 9–10). Cohen argues venue is proper because incorporating Admar in Delaware qualifies as a substantial event giving rise to the claims of this case under 28 U.S.C. § 1391(b)(2). (*Id.* at 11–12). Cohen argues alternatively that venue is proper because Admar is incorporated in Delaware, which makes venue

---

*v. Cohen*, No. 3:25-cv-00303, D.I. 24 (W.D. La. Feb. 3, 2026)). Prior to the stay, the court determined that it had personal jurisdiction in the Western District of Louisiana over Cohen. (*Id.*).

3

proper under 28 U.S.C. § 1391(b)(3). (*Id.* at 12). Cohen argues that the case cannot be transferred to the Western District of Louisiana because venue is not proper there and transfer is not warranted even if venue were to exist. (*Id.* at 12–20).

## I. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a case based on the court's lack of personal jurisdiction over that party. When reviewing a motion to dismiss pursuant to Rule 12(b)(2), the plaintiff has the burden to present a prima facie case for the exercise of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

Because the personal jurisdiction requirement is based on individual liberty interests protected by the Due Process Clause, it can, like other such rights, be waived by any legal arrangement that demonstrates a party's expressed or implied consent to that jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–04 (1982). In the absence of consent, personal jurisdiction exists if two requirements are satisfied. First, there must be a statutory basis for jurisdiction pursuant to Delaware's long-arm statute. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 523 F.3d 147, 155 (3d Cir. 2010). Second, the exercise of jurisdiction over the defendant must comport with the Due Process Clause of the Fourteenth Amendment. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 315 (1945). Delaware's long-arm statute "has been broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause." *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986). However, the personal jurisdiction analysis

"must not be collapsed into a single constitutional inquiry." *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 370 n. 3 (D. Del. 2008).

## II.  DISCUSSION

### A. This Court Lacks Personal Jurisdiction Under Delaware's Long-Arm Statute

Delaware's long-arm statute is set out in Section 3104 of Title 10 of the Delaware Code. Cohen argues that this Court has personal jurisdiction over Hakim under Section 3104(c)(1), which provides for personal jurisdiction over a person who "[t]ransacts any business or performs any character of work or service in the State."[3] (D.I. 17 at 6–8). Cohen asserts that the single act of incorporating Admar in Delaware in 1994 provides personal jurisdiction for this Court to hear the claims against Hakim. (*Id.* at 7). Cohen also argues that Section 3104(c)(1) provides jurisdiction over Hakim because of Hakim's involvement in filing Admar's annual reports, fees, and taxes. (*Id.*).

---

[3] Section 3104(c) in full states:
> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State;
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
> (5) Has an interest in, uses or possesses real property in the State; or
> (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

10 Del. C. § 3104(c). Hakim argues that the Court does not have jurisdiction under any of the categories outlined in Delaware's long-arm statute. (D.I. 9 at 7–12). Cohen does not attempt to argue that the Court has jurisdiction under Sections 3104(c)(2)–(6). (*See* D.I. 17 at 6–11). Thus, I only address whether this Court has jurisdiction under 10 Del. C. § 3104(c)(1).

Section 3104 is a "single act" statute, *Eudaily v. Harmon*, 420 A.2d 1175, 1180 (Del. 1980), such that "a single transaction is sufficient to confer jurisdiction where the claim is based on that transaction." *Crescent/Mach I Partners, L.P. v. Turner*, 846 A.2d 963, 978 (Del. Ch. 2000) (internal quotation omitted). "Delaware courts have held consistently that forming a Delaware entity constitutes the transaction of business within Delaware that is sufficient to establish specific personal jurisdiction under Section 3104(c)(1)." *Terramar Retail Ctrs., LLC v. Marion #2-Seaport Trust U/A/D June 21, 2002*, 2017 WL 3575712, at *5 (Del. Ch. Aug. 18, 2017). However, because Section 3104(c)(1) confers specific (rather than general) jurisdiction, "the transaction of business . . . in the State, may supply the jurisdictional basis for suit only with respect to claims which have a nexus to the designated conduct." *LaNuova D & B*, 513 A.2d at 786. "Instead, the formation [of a corporation] must be 'an integral component of the total transaction to which plaintiff's cause of action relates.'" *In re Mobilactive Media, LLC*, 2013 WL 297950, at *28 (Del. Ch. Jan. 25, 2013) (quoting *Shamrock Holdings of Cal., Inc. v. Arenson*, 421 F. Supp. 2d 800, 804 (D. Del. 2006)). "[M]erely participating in the formation of a Delaware entity, without more, does not create a basis for jurisdiction in Delaware." *Conn. Gen. Life Ins. Co. v. Pinkas*, 2011 WL 5222796, at *2 (Del. Ch. Oct. 28, 2011).

"If the claim turns on a wrongful conduct or scheme, then the formation of the Delaware entity must relate to the wrongful conduct or scheme before it can support the exercise of specific personal jurisdiction." *Terramar Retail*, 2017 WL 3575712, at *8. Cohen seeks a declaratory judgment that he is the owner of Admar and, in the alternative, seeks validation of his stock. (D.I. 4 at 7–8). The relief Cohen seeks originates from an alleged wrongful act—Hakim's assertion of ownership of Admar. (*Id.* at 2–6). It has been over thirty years since Hakim lawfully incorporated Admar in 1994. There are no allegations that Admar was originally formed for improper reasons

or as a vehicle for wrongful conduct. *See In re Mobilactive Media, LLC*, 2013 WL 297950, at *28 (Del. Ch. Jan. 25, 2013); *Cairns v. Gelmon*, 1998 WL 276226, at *3 (Del. Ch. May 21, 1998). Nor is this a case seeking to enforce an agreement related to the incorporation. *Papendick v. Bosch*, 410 A.2d 148, 152 (Del. 1979); *Shamrock Holdings*, 421 F. Supp. 2d at 806. Here, "the bases of the claims asserted against [Hakim] do not relate to the formation of [Admar] in any direct way." *Conn. Gen. Life Ins.*, 2011 WL 5222796, at *2. Therefore, the incorporation of Admar in Delaware does not create specific jurisdiction over Hakim for the claims in this case.

Cohen argues that general involvement in a Delaware corporation, such as ownership, filing of taxes, and renewing a corporate charter, meets the requirements of Section 3104(c)(1). (D.I. 17 at 7–9). However, these types of activities must still meet the nexus requirement between the conduct and the cause of action in the case. *LaNuova*, 513 A.2d at 786. Cohen simply asserts that these actions create specific jurisdiction under Section 3104(c)(1), but there is no attempt to show how any of these actions have led to the underlying wrongful ownership allegations. "As a general rule, ownership of stock in a Delaware corporation, without more, will not suffice to establish general *in personam* jurisdiction." *Gilbralt Capital Corp. v. Smith*, 2001 WL 647837, at *5 (Del. Ch. May 9, 2001). Similarly, filing documents does not meet the nexus requirement unless the filing of documents is the basis of the suit. *Solae, LLC v. Hershey Can., Inc.*, 557 F. Supp. 2d 452, 159–60 (D. Del. 2008); *Sanitec Indus. v. Sanitec Worldwide, Ltd.*, 376 F. Supp. 2d 571, 574 (D. Del. 2005). Thus, none of the instances of corporate conduct create specific jurisdiction for the claims in this case.

### B. Hakim has Not Consented to Personal Jurisdiction in Delaware

Cohen argues that Hakim has consented to personal jurisdiction in Delaware through his ownership in a Delaware corporation and his position as an officer and director of a Delaware corporation. (D.I. 17 at 9–11).

### 1. Hakim's Claim of Ownership of a Delaware Corporation

"While the existence of property in the state is one contact to the jurisdiction, and in some cases it may suggest other contacts, in and of itself, mere ownership in the forum of property related to the litigation is not necessarily sufficient." *Istituto Bancario Italiano SpA v. Hunter Engineering Co.*, 449 A.2d 210, 222 (Del. 1982). As the Delaware Chancery Court has recently noted, "In the forty years since *Isituto Bancario*, Delaware courts have consistently refused to assert *in rem* or *quasi in rem* jurisdiction over lawsuits related to allegedly fraudulent transfers of interests in Delaware entities." *Deutsche Bank AG v. Devon Park Bioventures, L.P.*, 2023 WL 7159921, at *8 (Del. Ch. Oct. 31, 2023). This is due to the established principles that (1) "acquisition of corporate stock having its legal situs in Delaware, a factor which, standing alone, is no longer of any consequence for the purpose of . . . jurisdiction" *Arden-Mayfair, Inc. v. Louart Corp.*, 385 A.2d 3, 7 (Del. Ch. 1978), and (2) "there must be greater minimum contacts with Delaware than the mere ownership of stock in a Delaware corporation to support the jurisdiction of this Court over a nonresident defendant." *Tuckman v. Aerosonic Corp.*, 394 A.2d 226, 229 (Del. Ch. 1978).

There can be personal jurisdiction "where the subject matter of the litigation involves the legal existence of stock in a Delaware corporation, or its character or attributes (*e.g.*, its validity or its right to vote or for a liquidation preference, etc.)." *Hart Holding Co. v. Drexel Burnham Lambert, Inc.*, 1992 WL 127567, at *7 (Del. Ch. May 28, 1992). This type of jurisdiction only covers disputes related to "the corporate process or the validity or attributes of stock," not disputes "personal to the plaintiff." *Id.* at *7. Here, Cohen seeks a validation of his ownership in Admar

based on the actions he and Hakim have taken over the last twenty-five plus years. (D.I. 4 at 7–8). The relief sought in this action has nothing to do with the "stock itself." *Princeton Carbonworks, Inc v. Daniels*, 2025 WL 2661735, at *4 (D. Del. Sept. 17, 2025); *see OneScreen Inc. v. Hudgens*, 2010 WL 1223937, at *4–5 (Del. Ch. Mar. 30, 2010); *Hart Holding*, 1992 WL 127567, at *7. Thus, there is no personal jurisdiction based on Hakim's (disputed) ownership of Admar.

### 2. Hakim's Status as President of Admar

Under Section 3114 of Title of the Delaware Code:

> a nonresident officer of a Delaware corporation, by virtue of accepting and holding office, has consented to the exercise of personal jurisdiction over him in the Delaware courts in two classes of cases: (i) "all civil actions or proceedings brought in this State, by or on behalf of, or against such corporation, in which such officer is a necessary or proper party"; or (ii) "any action or proceeding against such officer for violation of a duty in such capacity."

*Hazout v. Ting*, 134 A.3d 274, 277 (Del. 2016) (quoting 10 Del. C. § 3114(b)). Cohen does not argue that the Court has jurisdiction over Hakim due to any violation of duty as an officer or director. (*See* D.I. 17 at 10–11). Thus, I only consider whether the Court has jurisdiction under the "Necessary or Proper Party Provision" of Section 3114. *See BAM Int'l, LLC v. MSBA Grp. Inc.*, 2021 WL 5905878, at *9 (Del. Ch. Dec. 14, 2021).

"[T]he Necessary or Proper Party Provision limits the exercise of jurisdiction over a nonresident director or officer to cases in which the corporation is a named party, and to which the corporate fiduciary is also a 'necessary or proper party.'" *Hazout*, 134 A.2d at 289. A "necessary" party is one that has "rights which must be ascertained and settled before the rights of the parties to the suit can be determined." *Id.* (internal quotations omitted). A "proper" party is one that "appear[s] before a court because they have a separable legal interest in the suit." *Id.* at 289–90

9

(internal quotation omitted). "As a result, only claims that involve conduct by the nonresident fiduciary using his corporate power will make him a necessary or proper party." *Id.* at 289.

The Necessary or Proper Provision does not apply in this case. The Provision requires the suit to be brought "by or on behalf of, or against such corporation." 10 Del. C. § 3114(b). The action in this case is brought against Hakim. Admar is simply a Nominal Defendant. Cohen has not pointed to any case law that would support a theory that the Necessary or Proper Provision of Section 3114 extends personal jurisdiction over a corporate officer or director simply because a Delaware corporation may be added as a nominal defendant. Even if this were the case, Section 3114 would not extend jurisdiction over Hakim because Hakim's conduct does not originate from his corporate powers as an officer or director. *See Gurmessa v. Genocide Prevention in Eth., Inc.*, 2023 WL 2683497, at *3 (D. Del. Mar. 29, 2023); *You Map, Inc. v. Snap Inc.*, 2021 WL 106498, at *5 (D. Del. Jan. 21, 2021). This is simply a case where an officer of a Delaware corporation is alleged to have committed a wrongful act in his personal capacity, unrelated to his powers as an officer of the corporation. Thus, Hakim has not consented to personal jurisdiction under Section 3114.

As Cohen has not met his burden of establishing personal jurisdiction over Hakim, Hakim's motion to dismiss for lack of personal jurisdiction is GRANTED.

### III. CONCLUSION

I do not need to consider whether venue is proper. I also do not need to consider whether to transfer this case to the Western District of Louisiana, since that court already has a case that is essentially this case.

An appropriate order will issue.

10